1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY HILL, Booking #14700645, | Civil No.    15cv0275 LAB (NLS) |
| Plaintiff, | |
| vs. | **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |
| SAN DIEGO SHERIFF'S DEPARTMENT MEDICAL SERVICES DIVISION, et al., | |
| Defendants. | |

Joseph Anthony Hill ("Plaintiff"), currently detained at George Bailey Detention Facility in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff claims to have been shot during the course of his arrest on December 28, 2013, and seeks injunctive relief and unspecified amounts of general and punitive damages against the San Diego County Sheriff, the Sheriff's Department Medical Services Division, its Chief Medical Officer, and the University of California San Diego Medical Center, based on claims that they have acted with deliberate indifference to his serious medical needs by delaying necessary surgeries and physical therapy while he has

been in their custody. As a result, Plaintiff claims to have suffered nerve and muscle damage for more than a year, and now "cannot move [his] arm at all." *See* Compl. at 2-5.

## I.      Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). At the time of filing, Plaintiff submitted a check for $350 in order to pay the filing fees required by § 1914(a). That check must be returned to him as insufficient, however, because all parties filing civil actions on or after May 1, 2013, are required, in addition to the $350 statutory fee, to also pay an administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).[1]

An action may proceed despite a plaintiff's failure to prepay the entire $400 fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner and he is granted leave to proceed IFP,[2] he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, __ F.3d __, 2015 WL 74144 at *1 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Because Plaintiff has neither prepaid the full $400 in filing and administrative fees required to commence a civil action, nor submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), this civil case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

/ / /

---

[1]   However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[2]   28 U.S.C. § 1915(h) defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law, or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Id.*

## II.   **Conclusion and Order**

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action sua sponte without prejudice for failing to pay the full $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2)   **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to:   (a) prepay the entire $400 civil filing and administrative fee in full; *or* (b) complete and file a Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.*[3]  *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); and

(3)   **ORDERS** the Clerk of the Court to return Plaintiff's $350 money order as insufficient, and to also provide him with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the *full* $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a), or complete and submit the enclosed Motion to Proceed IFP within 45 days,

---

[3]   Plaintiff is cautioned that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service upon any Defendant, and *may* be dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he pays or is obligated to pay filing fees.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").  Further, if Plaintiff elects to pay the full $400 filing fee, he is cautioned that he will also be responsible for effecting personal service of the summons and complaint upon, or obtaining a waiver of personal service from, each Defendant named as a party within 120 days.  *See* FED.R.CIV.P. 4(m); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (persons who prepay the civil filing fee are not considered to proceed IFP, and, absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(3), "remain[] responsible for timely service.").  Plaintiffs who are granted leave to proceed IFP, and whose complaints survive screening under § 1915(e)(2), on the other hand, are entitled to U.S. Marshal service pursuant to FED.R.CIV.P. 4(c)(3) and 28 U.S.C. § 1915(d).  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint.'") (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

1   this action will remain dismissed without prejudice for failing to satisfy 28 U.S.C.

2   § 1914(a)'s fee requirements without further Order of the Court.

3      **IT IS SO ORDERED**.

4

5   DATED:  February 18, 2015

6

7       **HONORABLE LARRY ALAN BURNS**
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28