UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOSEPH ANTHONY HILL,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>SAN DIEGO SHERIFF'S DEPARTMENT MEDICAL SERVICES DIVISION; UCSD MEDICAL CENTER; ALFRED JOSHUA, M.D., Chief Medical Officer, Sheriff's Detention Services Bureau; WILLIAM GORE, Sheriff San Diego County,<br>　　　　　　　　　　Defendant. | Case No.: 15cv275 LAB (NLS)<br><br>**ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT** |
|---|---|

On July 13, 2015, the district judge adopted this court's Report and Recommendation (R&R) regarding the motions to dismiss filed by William D. Gore and the Regents of the University of California. Plaintiff was granted leave to amend with respect to these claims:

1. Claims against Sheriff Gore in his personal capacity;

2. Claims originally alleged against Sheriff Gore in his official capacity that instead can be alleged against the County itself, if Plaintiff seeks to assert a *Monell* claim; and

1

       3.  Claims against UCSD regarding the alleged failure to provide follow-up medical care.

As explained in the June 8 R&R and July 13 Order, the other claims on which two of the Defendants moved to dismiss were dismissed without leave to amend.

Plaintiff is cautioned, however, that his Amended Complaint will supersede, or replace, his original Complaint (ECF Doc. No. 1), and that his Amended Complaint must, therefore, be complete by itself, name *all* the parties he intends to sue, and include a "short and plain statement" of any and all grounds upon which he claims entitlement to relief.  *See* FED.R.CIV.P. 8(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This Court will consider "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint [as] waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (holding that while "claims dismissed with prejudice and without leave to amend" need not be repled to preserve them in the event of an eventual appeal, "claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled.").

Thus, Plaintiff should ensure that his Amended Complaint identifies all Defendants by name and contains sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what each individual Defendant did to

cause him injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* at 676.

    Plaintiff's Amended Complaint, should he elect to file one, must be filed with the Court no later than **<u>Friday, August 28, 2015</u>**.  If Plaintiff does *not* file an Amended Complaint by that time, the Court will presume he wishes to proceed only with the claims already alleged against the Defendants previously identified in his original Complaint (ECF Doc. No 1).

Dated:  July 15, 2015

                                          Hon. Nita L. Stormes
                                          United States Magistrate Judge