UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Anthony Hill,<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>San Diego Sheriff's Department Medical Services Division, San Diego Sheriff's Department; UCSD Medical Center; Alfred Joshua, M.D. Chief Medical Officer, Sheriff's Detention Services Bureau; William Gore, Sheriff San Diego County,<br>　　　　　　　　　　Defendants. | 15cv275 LAB (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING WITHOUT PREJUDICE DEFENDANT THE REGENTS OF CALIFORNIA'S MOTION TO DISMISS**<br><br>**[Dkt. No. 18]** |

　　　As a pretrial detainee, Plaintiff Joseph Anthony Hill filed this civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated his constitutional right to be free from cruel and unusual punishment.  The claims stem from events occurring on December 28, 2013, when Hill was shot during the process of his arrest.  Immediately after the shooting he was treated at UCSD Medical Center.  Hill complains that since the shooting he has not received follow-up medical treatment.  Consequently, he alleges that Defendants San Diego Sheriffs Medical Services Division, UCSD Medical Center, Alfred Joshua, MD (Chief Medical Officer for the Sheriff Detention Services Bureau) and Sheriff William Gore have been deliberately indifferent to his medical needs by failing to provide continuing care.

The court dismissed the claims against defendant the Regents of the University of California (the Regents), allowing Hill an opportunity to amend his claim against the Regents for failure to provide follow-up care. Hill never filed an amended complaint. The Regents now ask to be dismissed from this case with prejudice.

For the following reasons, the court **RECOMMENDS** that the district judge **DENY** the Regents' motion to dismiss, and that this denial be without prejudice to the Regents renewing their motion if Hill seeks to file an amended complaint.

I.     PROCEDURAL BACKGROUND

On July 13, 2015, the district court adopted this court's report and recommendation (R&R) regarding the Regents' motion to dismiss. Hill was denied leave to amend his claim against the Regents for failure to provide *adequate* medical care. But he was given leave to amend his claim against the Regents for the alleged failure to provide *follow-up* medical care.

Hill's amended complaint was due August 28, 2015. As of the date of this order, Hill has not filed an amended complaint.

On September 17, 2015 the court received notice that the "Order Adopting the Report and Recommendation" was returned as undeliverable because Hill is no longer located at George Bailey Detention Facility and is apparently on parole. Even though under Civil Local Rule 83.11.b Hill must notify the court of any change of address, he has not provided a forwarding address.

The Regents served this motion to dismiss on Hill's former address.

II.    DISCUSSION

**A. Legal Standard.**

A defendant may move for involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order[.]" Fed. R. Civ. Proc. 41(b); *Yourish v. California Amplifier*, 191 F.3d 953, 986 (9th Cir. 1999) (affirming dismissal of action with prejudice under Rule 41(b) for failure to file an amended complaint within 60 days). An involuntary dismissal under Rule 41(b) is with prejudice, and unless otherwise

stated, "operates as an adjudication on the merits." Fed. R. Civ. Proc. 41(b).

A court will weigh five factors when considering a Rule 41(b) motion:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (internal quotations omitted). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it considered these factors[.]" *Id.* at 1261.

Considering the first factor of expeditious resolution of cases, a delay of four years to file an amended complaint is considered unreasonable, while delays of four weeks, six weeks, or 79 days are not considered unreasonable. *Schwenk v. Chula Vista Police Dept.*, 2013 WL 1702776, *3 (S.D. Cal. 2013) (finding a 79-day delay reasonable) (citing *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994) (four-year delay is "clearly unreasonable") and *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984) (four week delay and likely a six week delay do not show prejudice to defendants). While the Ninth Circuit has stated that "the public's interest in expeditious resolution of litigation always favors dismissal," it also recognized that "judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash*, 739 F.2d at 496).

Here, the Regents moved for a Rule 41(b) dismissal only 42 days past the amended complaint deadline. That was an insignificant delay. As of the date of this order, at least 125 days have passed since the deadline expired. But the order setting the deadline for Hill to file an answer was issued two days *after* the court issued its Order adopting the R&R, which was returned as undeliverable because Hill had already moved. The presumption, therefore, is that Hill never received the Order setting the August 28, 2015 deadline to file an amended complaint because he had already moved. The court,

therefore, finds that the first factor does not weigh in favor of dismissal, because the delay is not clearly unreasonable in light of the unlikelihood that Hill ever knew of the deadline to file an amended complaint.

Regarding the court's need to manage its docket, the Regents argue that this case has languished and consumed time and resources that could have been devoted to other matters.  But after the court dismissed the case against the Regents and other defendants, Hill did not engage in any further litigation against them, and currently has no claims pending against them.  No other court resources have been used in the case against the dismissed defendants, except for this motion to dismiss.

As for the third factor, the Regents argue they are prejudiced by the delay because this matter has come to a complete halt.  They argue that they "have no ability to prepare this matter for trial given that as it currently stands, there are no causes of action pending against them." Mem. Ps&As, p.6.  By the Regents admission, it does not appear that they are prejudiced in this case, as there are no causes of action pending against them.  Rather, this factor would be more appropriate to argue if Hill was in fact applying to file an amended complaint after the court's deadline. *See Castrillon v. El Centro Detention Center*, 2009 WL 2762707 (S.D. Cal. 2009) (moving for a Rule 41(b) dismissal after plaintiff sought to file an amended complaint past the court-ordered deadline).

The fourth factor of the public policy that favors disposition of cases on their merits weighs against dismissal.  *See id.* at *1.

The factor regarding the availability of less drastic alternatives weighs against dismissal.  *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).  Here, the less drastic alternative is that the case remains dismissed against the Regents, with no claims pending against them.  This appears to be a less drastic alternative that will not prejudice the Regents.

## CONCLUSION

For the reasons stated above, this court **RECOMMENDS** that the district judge:

(1) **DENY** the Regents' motion to dismiss this case against them with prejudice;

and

(2) that the denial be without prejudice to the Regents refiling this motion, if Hill actually seeks to file an amended complaint against them.

The court submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  No later than **January 26, 2016**, any party to this action may file written objections with the court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be filed with the Court and served on all parties no later than **February 2, 2016**.  The parties are advised that failure to file objections within the specified time may waive the right to those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: December 31, 2015

Hon. Nita L. Stormes
United States Magistrate Judge